IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OREXO AB and OREXO US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-829 (SLR) (SRF) |
| | ) | |
| ACTAVIS ELIZABETH LLC, | ) | REDACTED - PUBLIC VERSION |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF SHEN YUNG LUK**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com
jtigan@mnat.com
*Attorneys for Plaintiffs*
*Orexo AB and Orexo US, Inc.*

OF COUNSEL:

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
Nangah Tabah
Jordan P. Markham
MILBANK, TWEED, HADLEY & MCCLOY LLP
28 Liberty Street
New York, NY 10005
(212) 530-5000

Originally Filed: October 19, 2015
Redacted Version Filed: October 27, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OREXO AB and OREXO US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No.: 14-829 (SLR)(SRF) |
| v. | ) | |
| | ) | |
| ACTAVIS ELIZABETH LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF SHEN YUNG LUK**

1. My name is Shen Yung Luk. I am the Chief Scientific Officer at Juniper Pharma Services, formerly known as Molecular Profiles Ltd. I hold a PhD and a BSc in Chemistry from the University of Manchester Institute of Science and Technology in the United Kingdom. I have over 20 years of experience in academic and industrial research, during which time I have conducted and supervised a wide range of analysis on pharmaceutical products as well as patent infringement investigations. My expertise also covers the analysis of pharmaceutical manufacturing process parameters, including variables affecting the characteristics of the substances or formulations manufactured using different processes. A copy of my CV is attached as Exhibit A.

2. I understand that in this litigation, Orexo asserts that Actavis Elizabeth LLC's ("Actavis") proposed generic version of Zubsolv® ("Actavis's ANDA product") will infringes two patents, U.S. Patent Nos. 8,454,996 ("the '996 patent") and 8,940,330 ("the '330 patent") (collectively, "patents in suit"). I have reviewed the patents in suit. I have also reviewed the Court's claim construction order, dated October 6, 2015.

3. I understand that as part of discovery in this case, Orexo requested that Actavis produce samples of raw materials used in its ANDA product, samples of intermediates from the manufacturing process of Actavis's ANDA Product, and samples of the finished ANDA Product.

4. I was asked by the law firm of Milbank, Tweed, Hadley & McCloy LLP to address whether raw material and intermediate samples provide evidence of infringement of the patents in suit.

**The Patents In Suit**

5. The claims of the patents in suit address pharmaceutical formulations with specific relationships between the materials in those formulations.

6. For example, the '996 patent claims a tablet with particles of buprenorphine presented at (claim 1) or adhered to (claim 2) the surfaces of carrier particles. ('996 pat. claims).

7. The '330 patent claims a tablet with particles of buprenorphine presented upon the surfaces of carrier particles. In addition, the buprenorphine particles are in contact with, but not in the same particle as citric acid. ('330 pat. claims).

8. I understand that the Court in this case construed the terms "presented upon" and "presented at" in the patents in suit to mean "positioned at the outside part or layer of the carrier particles by interactive forces strong enough to keep the adherent particles at the carrier surface." (D.I. 127, p. 2).

**Raw Materials Samples**

9. Samples of raw materials that are used to make Actavis's ANDA Product assist with determining whether Actavis's finished products infringe the patents in suit in several ways.

10. ***Raw Material Used To Generate A Reference Signal:*** The raw materials are important because they can be used to obtain a reference signal to characterize each individual material. These reference signals can then be used to identify the presence of the materials and their relationship to each other in the finished ANDA Product that is accused of infringement.

11. The raw materials therefore assist in determining whether particles of buprenorphine are "positioned at the outside part or layer of the carrier particles" as required by the Court's claim construction. (D.I. 127, p. 2). The raw materials also assist in determining whether buprenorphine and citric acid particles are in contact with each other, as required by the '330 patent claims and the Court's claim construction. (D.I. 127, p. 4).

12. ***Blending Tests:*** The raw materials can also be used to conduct blending tests replicating Actavis's manufacturing process to show that certain particles "adhere" to other particles. The '996 patent expressly discloses that mixing materials in certain ways for a sufficient amount of time can lead to adherence between particles of those materials. ('996 pat. col. 7, lines 13-20).

13. Blending tests with raw materials and Actavis's process can also address whether blend times used by Actavis are sufficient to result in attractive forces, and whether the attractive forces are strong enough to keep the adherent particles at the carrier surface, at both the intermediate stage, and in the final tablet formulation when viewed alone and in combination with other evidence (for example the images of the final tablets mentioned above).

14. Using materials provided by Actavis for the tests addressed above would help ensure that they are representative of the actual materials that Actavis uses in its ANDA Product. On

the other hand, if materials are sourced independently from Actavis, then Actavis may raise questions regarding whether they are representative of the materials used in Actavis's ANDA Product.

**Intermediates**

15. Samples of intermediates (product at various stages during Actavis's manufacturing process) can also assist with determining whether Actavis's finished products infringe the patents in suit.

16. As with the results of the blending experiments above, intermediate samples of Actavis's ANDA Product can be tested to show that certain particles "adhere" to other particles.

17. Testing the intermediates can also address whether there are attractive forces and whether they are strong enough to keep the adherent particles at the carrier surface. As with the above blending tests, the tests can show the properties of the intermediate and, when viewed alone or in combination with other evidence, the properties of the final tablet formulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 16, 2015

Shen Yg Luk

Dr. Shen Yung Luk

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 27, 2015, upon the following in the manner indicated:

John C. Phillips, Jr., Esquire *VIA ELECTRONIC MAIL*
Megan C. Haney, Esquire
David A. Bilson, Esquire
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
*Attorneys for Defendant Actavis Elizabeth LLC*

Michael K. Nutter, Esquire *VIA ELECTRONIC MAIL*
Ivan M. Poullaos, Esquire
George C. Lombari, Esquire
Karl A. Leonard, Esquire
Tyler G. Johannes, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
*Attorneys for Defendant Actavis Elizabeth LLC*

Melinda K. Lackey, Esquire *VIA ELECTRONIC MAIL*
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
*Attorneys for Defendant Actavis Elizabeth LLC*

/s/ Derek J. Fahnestock
Derek J. Fahnestock (#4705)