# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OREXO AB and OREXO US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-829 (SLR)(SRF) |
| | ) | |
| ACTAVIS ELIZABETH LLC, | ) | **REDACTED - PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## ACTAVIS' ANSWER TO OREXO'S OBJECTIONS TO ORDER REGARDING MOTION TO COMPEL PRODUCTION OF SAMPLES

*Of Counsel:*

George C. Lombardi
Michael K. Nutter
Ivan M. Poullaos
Karl A. Leonard
Tyler G. Johannes
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806-4204
Tel: (302) 655-4200
Fax: (302) 655-4210
jcp@pgslaw.com
dab@pgslaw.com

*Attorneys for Actavis Elizabeth LLC*

Dated: November 2, 2015

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ i

I. BACKGROUND ........................................ 1

II. STANDARD OF REVIEW ........................................ 3

III. OREXO'S OBJECTIONS ARE WITHOUT MERIT ........................................ 4

A. Several Of Orexo's Requests Are Moot Or Infeasible. ........................................ 4

B. Orexo Cannot Satisfy Its High Burden To Show Magistrate Judge Fallon's Order Was "Clearly Erroneous Or Contrary To Law" ........................................ 5

1. Orexo's Improperly Submitted New Expert Declaration Should Be Ignored, But In Any Event Is Unavailing ........................................ 6

2. Orexo Presents New Arguments And Evidence That It Failed To Present To Magistrate Judge Fallon ........................................ 7

IV. CONCLUSION ........................................ 10

## TABLE OF AUTHORITIES

### CASES

*Bayer AG v. Elan Pharm. Research Corp.*,
212 F.3d 1241 (Fed. Cir. 2000)....................6

*Haines v. Liggett Group Inc.*,
975 F.2d 81 (3d Cir. 1992)....................4

*Leader Techs., Inc. v. Facebook, Inc.*,
719 F. Supp. 2d 373 (D. Del. 2010)....................4, 6, 8

*Norguard Ins. Co. v. Serveon Inc.*,
No. CIV. 08-900 (JBS)(AMD), 2011 WL 344076 (D. Del. Jan. 28, 2011)....................4

*Novartis Pharms. Corp. v. Par Pharma and Watson Labs., Inc.*,
48 F. Supp. 3d 733 (D. Del. 2014)....................8

*Otsuka Pharm. Co., Ltd. v. Apotex Corp.*,
No. 14-8074, 2015 WL 4756636 (D.N.J. Aug. 11, 2015)....................8

## INTRODUCTION

Magistrate Judge Fallon properly denied Orexo's extraordinary demand for raw material and "intermediate" samples from Actavis. Actavis long ago produced samples of its ***final*** ANDA product—the product that is relevant to this case. Judge Fallon correctly found that Actavis should not be required to further produce physical samples of "intermediates" (which Actavis does not possess), and properly instructed Actavis to produce two specific raw materials that Actavis had previously offered to produce. Judge Fallon also properly denied Orexo's demand that Actavis produce raw materials that Actavis either does not possess or which Orexo can just as easily obtain from suppliers (which Orexo is doing).

Moreover, many of Orexo's arguments to this Court are brand new. Orexo belatedly submitted an expert declaration that Judge Fallon suggested should have been done previously, and cited to case law absent from the record before the Magistrate. Even if Orexo's new material is considered, none of it provides a basis for disturbing Judge Fallon's decision. That decision thoughtfully considered the arguments and evidence, and was far from "clearly erroneous or contrary to law."

Instead, Orexo accuses Actavis of spoliation, and claims that Actavis has declined to produce samples despite "unquestionably having these materials." But the samples to which Orexo refers were ***not*** requested in discovery, and were from a ***different*** product. Moreover, Orexo has subpoenaed the active ingredients from Actavis' supplier, who is in the process of responding. Orexo has shown no error in Magistrate Judge Fallon's order, and it should stand.

## I. BACKGROUND

This case concerns the product described in Actavis' ANDA—two strengths of sublingual tablets, the first containing 1.4 mg (buprenorphine) / 0.36 mg (naloxone) and the second containing 5.7 mg (buprenorphine) / 1.4 mg (naloxone). In its discovery requests, Orexo

sought samples of these tablets, every raw material they contain, and samples from various "intermediate" stages of production. (Ex. 1 at 4-5, (Request Nos. 17-20))[1]. Regarding the request for intermediates, Actavis explained that it "does not have samples of intermediates and is therefore unable to produce them." (Ex. 2 at 2). Regarding Orexo's request for raw materials, Actavis explained that [redacted] and repeatedly asked Orexo to explain its need for other raw materials or to narrow its request. Actavis pointed out that the materials are available from commercial suppliers. (*Id.*) Significantly, Orexo currently sells its brand product, Zubsolv®, and undoubtedly possesses its own supply of raw materials. Nevertheless, Actavis offered to produce some subset of raw materials in a reasonable quantity, if Orexo would identify what it actually needed, rather than impose a broad and unjustified burden on Actavis. (Ex. 3 at 1). Actavis later repeated that offer, explaining that it "would be unduly burdensome and costly" to produce *every* ingredient, particularly where [redacted] (Ex. 4 at 3). Actavis offered to produce two raw materials, [redacted] (*Id.*) Orexo failed to provide a more reasonable request.

Orexo persisted in demanding samples of every ingredient, with no substantive explanation of why. The closest Orexo came was to say it needed the ingredients because "they are useful as references when analyzing Actavis's final product." (Ex. 5 at 1). Orexo then attempted to belatedly broaden its demands by insisting on the production of "materials that meet the specifications in Actavis's ANDA No. 206258, ***even if they are not ... specifically***

---

[1] Unless otherwise noted, exhibits cited herein are attached to the contemporaneously filed Declaration of Karl Leonard.

***designated for" the ANDA product.*** (Ex. 6 at 2 (emphasis added)). By way of this purported amendment to its requests, Orexo sought samples related to a higher strength product that is not part of ANDA No. 206258 at issue in this case. Significantly, apart from being improperly broad, the request does not actually appear in any of Orexo's document requests in this case. But Orexo went further, and demanded that Actavis purchase additional raw materials from its suppliers for the specific purpose of producing them in this litigation. (*Id.* at 2).

A mere four days later, Orexo sought Court intervention. (D.I. 116). Magistrate Judge Fallon correctly concluded that Actavis "cannot be compelled to produce samples of intermediates" because "it has no intermediate samples of its ANDA product for production." (D.I. 126 at 1). Likewise, Actavis "cannot be compelled to produce samples of raw materials not in its possession, custody, or control," including buprenorphine, of which Actavis explained "it does not have any samples … beyond what it must retain under FDA rules." (*Id.* at 2). Further, Judge Fallon noted that "[t]here are eleven raw materials" in the Actavis product and that Actavis "has agreed to produce a reasonable quantity of magnesium stearate and mannitol." (*Id.* at 1-2). The Court ordered Actavis to "produce samples of these two raw materials[.]" (*Id.* at 2). Because Orexo had "not presented the court with any case authorities supporting [its] argument that [Actavis] is obligated to provide samples of raw materials in addition to samples of the finished ANDA product" and because Actavis "has identified in its ANDA the commercial suppliers who provide the raw materials," Judge Fallon declined to order Actavis to acquire or produce samples of the remaining raw materials. (*Id.*)

## II. STANDARD OF REVIEW

As case law cited in Orexo's Objections (D.I. 135) makes clear, the standard for reversing a Magistrate Judge's order is extremely high. "[N]on-dispositive pre-trial rulings made by Magistrate Judges on referred matters should ***only*** be set aside if clearly erroneous or contrary

to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F.Supp.2d 373, 375 (D. Del. 2010) (emphasis added); *see also Norguard Ins. Co. v. Serveon Inc.*, No. CIV. 08-900 (JBS)(AMD), 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011) ("decisions of the magistrate judge are given great deference and will be reversed only for an abuse of discretion").

"A finding is clearly erroneous if the determination '(1) is ***completely devoid*** of minimum evidentiary support displaying some hue of credibility, or (2) bears ***no*** rational relationship to the supportive evidentiary data[.]'" *Leader Techs.*, 719 F. Supp. 2d at 375 (emphasis added) (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)). "Further, a reviewing district court ***may not*** consider evidence and materials not before the magistrate judge." *Id.*; *see also Haines*, 975 F.2d at 93 ("because … the district court here considered [pieces of evidence] that were not in the record before the magistrate judge, its determination that the magistrate judge's findings of fact were clearly erroneous cannot stand."); Standing Order for Objections Filed Under Fed. R. Civ. P. 72 at ¶ 5. Moreover, "[t]he burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law rests with the party filing the appeal," which in this case is Orexo. *Norguard*, 2011 WL 344076, at *2.

Orexo does not come close to meeting its heavy burden.

## III. OREXO'S OBJECTIONS ARE WITHOUT MERIT

### A. Several Of Orexo's Requests Are Moot Or Infeasible.

Actavis' ANDA product contains [redacted] (*See* D.I. 126 at 1). Actavis has already produced ***200 tablet*** samples of its finished product (which of course contain all of the raw materials requested). In addition, and pursuant to Magistrate Judge Fallon's order, Actavis has also produced samples of two raw materials to Orexo [redacted] Thus, Orexo's request is moot as to these samples.

Moreover, Orexo's demand is infeasible as to the active ingredients (buprenorphine and

naloxone). [redacted] In fact, Orexo has subpoenaed these ingredients from the supplier, who Actavis understands is preparing its response. (Ex. 7).

Orexo has also requested what it calls "intermediates," which Orexo defines as "Actavis's ANDA Product at the different stages throughout the manufacturing process." (Ex. 1 at 20, ¶ 7). Specifically, Orexo requested "intermediates" of Actavis' ANDA product "following each manufacturing steps, including without limitation any sifting, granulation, dry screening, milling, blending, and drying steps[.]" (*Id.* at 4). As Actavis has repeatedly informed Orexo, Actavis does not have any such "intermediates" to produce from its ANDA product. Documents produced to Orexo prove this. [redacted] And even if such samples [redacted] were properly requested by Orexo (which they were not), Actavis does not have such samples to produce either. As Magistrate Judge Fallon correctly found, Actavis cannot be compelled to produce what it does not have. (D.I. 126). Thus, Orexo's request is also infeasible as to the "intermediates." But even with respect to the remaining few raw material samples, Orexo has not and cannot show that Judge Fallon's order is "clearly erroneous."

**B. Orexo Cannot Satisfy Its High Burden To Show Magistrate Judge Fallon's Order Was "Clearly Erroneous Or Contrary To Law"**

Orexo has accused Actavis' ANDA product of infringement and Actavis has produced samples of that product. No more should be required. Nevertheless, Orexo contends that the raw materials are necessary to evaluate whether Actavis' ANDA product meets certain claim limitations requiring that the buprenorphine have particular relationships with "carrier particles." (D.I. 135, "Orexo Obj." at 4-65; D.I. 116 at 1). But that determination depends on the placement

of the materials in ***Actavis' ANDA product*** and is not informed by the raw materials themselves. *See Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248 (Fed. Cir. 2000) (the infringement inquiry "is properly grounded in the ANDA application and the extensive materials typically submitted in its support"). Magistrate Judge Fallon rejected Orexo's arguments, but Orexo now improperly presents new evidence to support them.

### 1. Orexo's Improperly Submitted New Expert Declaration Should Be Ignored, But In Any Event Is Unavailing

A brand new declaration by Orexo's expert, submitted for the first time to this Court (and ***not*** submitted to Judge Fallon), purports to be evidence showing the relevance of the requested samples. (D.I. 136, Luk Decl.) Orexo's submission here is entirely inappropriate because "a reviewing district court may ***not*** consider evidence and materials not before the magistrate judge." *Leader Techs.*, 719 F. Supp. 2d at 375 (emphasis added). Notwithstanding the declaration's impropriety, it provides no basis for this Court to disturb Judge Fallon's order. The declaration vaguely asserts that the requested samples would "assist with determining whether Actavis's finished products infringe" (Luk Decl. at ¶ 9) because they can be used to "obtain a reference signal to characterize each individual material" (*id.* at ¶ 10), which in turn can help "assist in determining whether particles of buprenorphine" are positioned as required by the patents-in-suit (*id.* at ¶ 11). Dr. Luk never articulates what a "reference signal" is, how it might be measured, or why such a signal is needed for *all* raw materials to determine infringement. Further, Dr. Luk does not explain why it is necessary to obtain these samples from Actavis. If Orexo seeks the molecular signature of an ingredient, why would samples obtained elsewhere (for example, from Orexo's own supply) be insufficient? Neither Dr. Luk nor Orexo provides an explanation. What Dr. Luk does assert is that using samples produced by Actavis would "help ensure that they are representative of the actual materials that Actavis uses" for the purposes of

"blending tests." (*Id.* at ¶ 14). However, there is ***no*** such assertion made with respect to the "reference signals." (*See id.*)

As to the proposed blending tests, even if Dr. Luk is correct that the tested samples must be "representative," Dr. Luk provides no reason—and there is none—that Orexo cannot obtain the materials directly from suppliers. Orexo knows the identity of the suppliers and the specifications Actavis uses.[2] Moreover, Magistrate Judge Fallon already rejected these arguments in finding that Actavis is not required to produce the raw materials, and that Orexo has the ability to seek them elsewhere. Orexo's repetition of the same arguments does not show that Judge Fallon's determinations were "clearly erroneous or contrary to law."

In an absurd twist, Orexo faults Judge Fallon for not "***requesting***" an expert declaration, even though it was Orexo that elected not to submit one. (Orexo Obj. at 3, n.3). It was not Judge Fallon's duty to instruct Orexo on how to support its positions (and, for the reasons described above, the declaration does not do so). Moreover, Orexo neglects to mention that Judge Fallon ***did*** tell Orexo that an expert opinion would be useful. At least as it relates to Orexo's demand for "intermediates," Magistrate Judge Fallon asked Orexo's counsel: "isn't that really something that should be addressed by an expert in terms of how this process goes along[?]" (Ex. 1 to Orexo Obj. at 28:11-14). Orexo never provided Judge Fallon with that expert opinion, and improperly attempts to do so now.

**2. Orexo Presents New Arguments And Evidence That It Failed To Present To Magistrate Judge Fallon**

The expert declaration from Dr. Luk is not the only new evidence raised by Orexo. For example, Orexo for the first time discloses that it spent "months" trying to secure buprenorphine samples from Johnson Matthey (outside of a subpoena), but was unable to secure them. (Orexo

---

[2] In fact, Orexo has *already* subpoenaed the active ingredients from Actavis' supplier. (Ex. 7).

Obj. at 7). But that argument is incomplete and irrelevant. Orexo has now subpoenaed the samples, and Actavis understands that Johnson Matthey is responding. (Ex. 7).

Orexo also points to case law that it claims to have "discovered" after Magistrate Judge Fallon issued her order. (Orexo Obj. at 4). However, both of the cases Orexo cites are from well before the October 1 hearing on this matter. *Otsuka Pharm. Co., Ltd. v. Apotex Corp.*, No. 14-8074, 2015 WL 4756636 (D.N.J. Aug. 11, 2015); *Novartis Pharms. Corp. v. Par Pharma and Watson Labs., Inc.*, 48 F.Supp.3d 733 (D. Del. 2014). Judge Fallon cannot be faulted for not considering cases Orexo did not present to her, despite her pointed question to Orexo's counsel in which she asked for supporting cases. (Ex. 1 to Orexo Obj. at 13:8-19). In response to questioning, Orexo's counsel affirmatively told Magistrate Judge Fallon that they had no supporting case law on point: "No, Your Honor, we didn't find a case that was frankly on point either way." (*Id.* at 13:20-22). Once again, Orexo cannot now rely on additional arguments and evidence not presented below. *Leader Techs.*, 719 F. Supp. 2d at 375; Standing Order for Objections Filed Under Fed. R. Civ. P. 72 at ¶ 5.

In any event, neither of the cases Orexo now presents is on point. In Orexo's first case, a party voluntarily produced samples before litigation had begun. *Otsuka*, 2015 WL 4756636, at *5. Orexo points to another case suggesting that certain testing had been performed on materials provided by a litigant. *Novartis Pharms.*, 48 F. Supp. 3d at 743-44. Neither case stands for the proposition that the production of raw materials or intermediates should be mandated by the Court—especially when the other litigant does not possess them or they are available elsewhere.

**C. Orexo's Implications Of Spoliation Are Baseless Distractions**

Orexo devotes a large portion of its brief to accusations that Actavis had large quantities of the material Orexo seeks in January 2015 and failed to produce any. (Orexo Obj. at 6, 8). Orexo demands that Actavis "explain why it did not preserve the samples[.]" (*Id.* at 6). But

Actavis ***did not*** have responsive samples of active ingredient or "intermediates" in January 2015 of Actavis' ANDA Product. That fact is not changed by Orexo's argument that Actavis manufactured [redacted] for other products. Orexo's hand-waving should be ignored.

At the outset of this case, Orexo requested samples of Actavis' ANDA product (defined as the product "described in Abbreviated New Drug Application No. 20-6258"), as well as raw materials "used to make Actavis's ANDA Product" and "intermediate" samples defined as "Actavis's ANDA Product at the different stages throughout the manufacturing process." (Ex. 1 at 4-5 and 20 ¶¶ 3, 7). Orexo did ***not*** request samples related to any other product. There is no dispute that [redacted] and is ***not*** the product at issue in this case. Rather, the January 2015 manufacturing related to [redacted] Further, Orexo cannot dispute that [redacted] It was not until 4 days before filings its motion to compel that Orexo, for the first time, attempted to expand its discovery requests to include samples of products other than those at issue in the case. (Ex. 6 at 2). Orexo demanded "materials that meet the specifications in Actavis' ANDA No. 206258, even if they are not … specifically designated for" the ANDA product. (*Id.*) It is improper and misleading for Orexo to seek to expand its requests at the eleventh hour and then demand that Actavis explain why it did not "preserve" samples Orexo had not previously requested.

Orexo further accuses Actavis of an "inconsistency" when Actavis' counsel told Magistrate Judge Fallon that, in order to collect the "intermediate" samples requested by Orexo, Actavis would have to "[redacted]

[redacted]

(Orexo Obj. at 8). According to Orexo, "that statement is clearly erroneous: [redacted] (*Id.*) Orexo's argument on this score twists the facts and misses the mark. [redacted] Moreover, Orexo's spoliation argument could ***only*** be relevant to the extent the [redacted] was subject to Orexo's discovery requests, which it undisputedly was not. And as noted above, Actavis does not possess any "intermediates" from [redacted] its ANDA product in this case.

Actavis has consistently represented to Orexo what it has relating to the ANDA product, intermediates and the active ingredients from the lots used in that ANDA product, precisely what was requested in Orexo's document requests. Orexo has not presented evidence to the contrary.

**D. Orexo's Circular Argument That Actavis Has Relied on Magistrate Judge Fallon's Order to "Avoid" Discovery Is Irrelevant**

According to Orexo, Actavis has relied on Magistrate Judge Fallon's order to "avoid discovery" in the form of providing 30(b)(6) testimony regarding the availability of samples and producing "inventory cards." (*Id.* at 9). It is not improper for Actavis to rely on Judge Fallon's correctly reasoned opinion. In any event, Orexo already has documents from Actavis showing that it has no "intermediates" or active ingredients from Actavis' ANDA product. Orexo's demand for further documentation is harassing, irrelevant, and should be denied.

## IV. CONCLUSION

For the reasons explained above, Actavis respectfully requests that the Court overrule Orexo's Objections to Magistrate Judge Fallon's Order regarding the production of samples.

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

Dated: November 2, 2015

*<u>/s/ John C. Phillips, Jr.</u>*
John C. Phillips, Jr. (Bar No. 110)
David A. Bilson (Bar No. 4986)
1200 North Broom Street
Wilmington, DE 19806
Tel: 302.655.4200
Fax: 302.655.4210
jcp@pgslaw.com
dab@pgslaw.com

***Of Counsel:***
George C. Lombardi
Michael K. Nutter
Ivan M. Poullaos
Karl A. Leonard
Tyler G. Johannes
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendant Actavis Elizabeth LLC*