IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OREXO AB and OREXO US, INC., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 14-829-SLR/SRF ) |
| ACTAVIS ELIZABETH LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of November 2015, having reviewed the objections filed by plaintiffs to Magistrate Judge Fallon's memorandum order dated October 5, 2015, the court will affirm the memorandum order and overrule the objections for the following reasons:

1. Plaintiffs moved to compel the production of samples of the raw ingredients in defendant's ANDA product, as well as any intermediates that are produced during the manufacturing of the accused ANDA product. (D.I. 116) Oral argument was held on October 1, 2015. On October 5, 2015, Magistrate Judge Fallon granted in part and denied in part plaintiffs' motion. (D.I. 126, 127) Plaintiffs filed objections and defendant submitted a response. (D.I. 135, 136, 137, 141, 142)

2. The court reviews objections to a magistrate judge's non-dispositive pretrial ruling under a "clearly erroneous and contrary to law" standard of review, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Under a "clearly erroneous" standard, the appellate court will only set aside factual findings when it is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*,

486 F.3d 100, 104 (3d Cir.2007) (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)). A magistrate judge's decision is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D. N.J. 2006). Since great discretion is generally afforded a magistrate judge's decision in the resolution of non-dispositive discovery disputes, the court should only overrule a magistrate judge's determination if there is an abuse of discretion. *Norguard Ins. Co. v. Serveon Inc.*, 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011). Moreover, a reviewing court may not consider evidence and materials not before the magistrate judge. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp.2d 373, 375 (D. Del. 2010).

3. After carefully reviewing Magistrate Judge Fallon's memorandum order and the parties' briefing on the motion and the objections, the court is convinced that the memorandum order is not clearly erroneous or contrary to law. With respect to raw materials, Magistrate Judge Fallon ordered defendant to produce samples of two raw materials in accordance with an offer previously extended by defendant. The remaining raw materials, Magistrate Judge Fallon found, were not in the possession, custody, or control of defendant and then correctly applied Fed. R. Civ. P. 34(a) in denying plaintiffs' motion to compel. In so doing, Magistrate Judge Fallon observed that plaintiffs had not presented any case authorities supporting their contention that defendant is obligated to provide samples of raw materials in addition to samples of the

2

finished ANDA product to establish infringement.[1] In their objections, plaintiffs submit (for the first time) two cases to buttress their argument that the raw materials and intermediates are essential to the prosecution of this matter. Although the cases do not appear particularly helpful, the court will not consider this authority since a reviewing court may not consider evidence and materials not before the magistrate judge.[2] *Haines v. Liggett Group Inc.*, 975 F.2d at 92.

4. With respect to intermediate samples, the court concludes that Magistrate Judge Fallon did not commit clear error in applying Rule 34(a) to defendant's representations that it has no intermediate samples of its ANDA product for production and, therefore, could not be compelled to produce something not in its possession, custody or control. Plaintiffs' objections are unpersuasive as they include references to the two cases cited above, as well as the court's claim construction decision issued after Magistrate Judge Fallon's decision. *See id.*

                                                    _____
                                                    United States District Judge

---

[1] During the October 1, 2015 hearing, Magistrate Judge Fallon specifically requested case authority from plaintiffs, but was informed there were no cases on point either way.

[2] Similarly, the court will not consider the expert declaration of Dr. Shen Yung Luk.

3